

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

District of Columbia

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

April 15, 2005

**FILED**
JUL 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

By Facsimile
Mr. William Moffitt, Esq.
Cozen, O'Connor
Washington, D.C.
Facsimile: (202) 912-4830

Re: United States v. Gregory Bettwy

Dear Mr. Moffitt:

This letter sets forth the plea agreement this Office is willing to enter into with your client Gregory Bettwy. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement.

1. **Criminal Charges** Defendant Bettwy agrees to plead guilty to two offenses – one charging misdemeanor depredation of property in violation of 18 U.S.C. § 1361 and the second charging making a false report to the Metropolitan Police Department in violation of D.C. Code § 5-117.05.

If your client fulfills all obligations under this plea agreement, this Office agrees to pursue no additional criminal charges with regard to his actions in making false reports of harassment and threats while employed at the United States Environmental Protection Agency.

2. **Potential penalties, assessments, and restitution**. Your client understands that Depredation of U.S. Property resulting in damage less than $1,000 carries a maximum potential sentence of one (1) year imprisonment, a fine of not more than $100,000, and a period of supervised release of not more than one year. See 18 U.S.C. §§ 3571(b)(5) and 3583(b)(3). In addition, your client is subject to, and must pay, a special assessment of $25 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

Mr. Bettwy further understands that the charge of Making a False Report to the Metropolitan Police Department carries a maximum penalty of 30 days imprisonment and a fine of $300. In addition, he understands that the Court shall order a separate assessment of $50 to $250 to be paid by defendant Bettwy pursuant to D.C. Code § 4-516(a).

3. **Release/Detention and Actions Pending Sentencing.** If defendant Bettwy complies with all the terms of this agreement, commits no other criminal offense, and complies with all conditions of release imposed by the Court, this Office will not seek his detention pending sentencing. The United States reserves the right to seek Mr. Bettwy's detention without notice if he violates any of those conditions.

4. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client were found guilty after a trial, your client would have the right to appeal the conviction, which right he waives as noted below. Further, defendant Bettwy understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing.**

With regard to the federal offense, defendant Bettwy understands that the Court is not bound by, but is required to consider, the U.S. Sentencing Guidelines range applicable to the defendant and that the Court will tailor the sentence in light of statutory factors listed in 18 U.S.C. § 3553(a).

If defendant Bettwy complies with all the terms of this agreement, commits no other criminal offense, and complies with all conditions of release imposed by the Court, this Office will not seek a period of imprisonment and will not oppose a sentence of probation. Defendant Bettwy agrees to pay restitution in the amount of $10,000 to the Environmental Protection Agency for the investigative costs incurred in this matter and agrees to pay a fine within the Sentencing Guideline range as calculated by the Court.

Your client fully and completely understands that the final determination of how the Sentencing Guidelines apply to this case will be made solely by the Court and that the above agreements or promises by the parties are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the Guideline range in accordance with his or your calculations or expectations will not void this plea agreement or cannot serve as a basis for the withdrawal of his guilty plea. Your client understands and agrees that he will not be allowed to withdraw his guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the

right to appeal his sentence. The defendant is aware that any calculation or expectation by him or you of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences the defendant to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement.

6. **Assistance by the Defendant**. Your client agrees to assist or cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in your client's possession relating, in any manner, with this matter or his conduct. Your client's cooperation shall, if requested, include, but is not limited to, submitting to interviews; answering interrogatories; giving sworn written statements; providing documents, financial records, tax returns, and any other evidence in your client's possession; giving testimony; giving depositions; and taking government administered polygraph examinations.

7. **Reservation of allocution**. The United States reserves the right to describe fully, both orally and in writing, to the sentencing Judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

8. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States, any state, or local government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

9. **Breach of agreement**. Your client understands and agrees that if he fails to fulfill completely all his obligations under this agreement, or commits any further crimes, your client will have breached this agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any crimes which your client has committed or might commit, if any; and (d) the United States will be free to use against your

client, in any proceeding, all statements, information and materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during proceedings before the Court pursuant to Fed. R. Crim. P. 11. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me by Friday, April 29, on which date this offer will expire.

Sincerely,

Kenneth L. Wainstein
United States Attorney

Steven W. Pelak
Assistant United States Attorney
Deputy Chief, Transnational/Major Crimes Section

4

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am entering this agreement because I am guilty of the crimes to which I am pleading guilty.

4/27/05
Date

Gregory Bettwy

### Defense Counsel's Acknowledgment

I am Gregory Bettwy's attorney. I have reviewed this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

4/27/05
Date

William Moffitt
Counsel for Mr. Gregory Bettwy